IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 20-428 |
| | : | |
| WILLIAM T. MCCANDLESS | : | |

## ORDER

**AND NOW**, this 14th day of December, 2020, the court having scheduled this matter for trial with jury selection set to occur on Friday, January 22, 2021, *see* Notice, Doc. No. 12; and the defendant, William T. McCandless, having filed a motion to continue the trial and extend time to file motions on December 10, 2020 (Doc. No. 13); and the defendant asserting in the motion that the court should continue the trial because defense counsel requires additional time to conduct an investigation, hire experts and outside litigation assistance, research law, and prepare motions due to the ongoing challenges posed by the COVID-19 pandemic, *see* Def.'s Unopposed Mot. to Continue Trial and Extend Time to File Motions at ¶¶ 9-10, Doc. No. 13; and the defendant having consented to a continuance of the trial and having submitted a signed waiver of his speedy trial rights under the Speedy Trial Act, 18 U.S.C. § 3161, *see id.* at ¶ 16 & Ex. 1, Doc. No. 13-1; and the defendant representing that the government does not oppose the motion, *see id.* at ¶ 18; and

**THE COURT FINDING AS FOLLOWS:**

1. The November 25, 2020 indictment in this matter charges the defendant with three counts related to accessing and transporting into and within the United States visual depictions of a minor engaged in sexually explicit conduct. *See* Indictment at 3, Doc. No. 1.

2. The defendant represents that his defense will require the retention of experts and investigators, and possibly the assistance of individuals residing outside of the United States, the

facilitation of which will take a significant amount of time. *See* Def.'s Unopposed Mot. for Continuance of Trial Date at ¶¶ 9, 15.

3. The defendant represents that the challenges posed by the COVID-19 pandemic have made defense counsel's ability to conduct a proper investigation, hire experts, research law, advise his client, and prepare motions almost impossible. *See id.* at ¶ 10.

4. The defendant represents that, as a result, his counsel will be unable to file motions within 14 days of his arraignment, or by December 17, 2020. *See id.* at ¶ 6.

5. The defendant represents that, as a result, it will be impossible for him to prepare a defense by the currently scheduled trial date of January 22, 2021. *See id.* at ¶ 13.

**THE COURT DETERMINING THAT** the intervening time prior to trial in this matter will be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) because (1) of the nature and complexity of the charges, which will require the retention of experts and outside litigation assistance; (2) the ongoing challenges posed by the COVID and its effect on defense counsel's ability to conduct an investigation, retain experts and outside litigation assistance, advise his client, and prepare motions; and (3) the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial; accordingly, it is hereby **ORDERED** that the defendant's unopposed motion to continue the trial and extend time to file motions is **GRANTED.**

**IT IS FURTHER ORDERED AS FOLLOWS:**

1. The parties shall file any pretrial motions (excluding motions *in limine*) by **February 22, 2021**;

2. The parties shall file any opposition to pretrial motions (excluding motions *in limine*) by **March 1, 2021**;

3. If necessary (or at the request of counsel), the court will schedule an evidentiary hearing on any pretrial motions (excluding motions *in limine*);[1]

4. The government shall file a trial memorandum setting forth the essential elements of the offenses, the facts which it intends to present, the identity of each witness it intends to call at trial, a statement of the substance of each witness's testimony, and any legal issues by **April 1, 2021**;

5. The parties shall file and submit proposed jury instructions and a proposed verdict slip by **April 7, 2021**;

6. The parties shall file any motions *in limine* by **April 7, 2021**;

7. The parties shall file and submit any objections to the proposed jury instructions and verdict slip by **April 14, 2021**;[2]

8. The parties shall file opposition to any motions *in limine* by **April 14, 2021**;

9. The parties shall exchange proposed statements of fact for *voir dire* and questions for *voir dire* prior to the final pretrial conference, and the parties shall provide the court with copies of the same at least two (2) business days prior to the final pretrial conference;

10. The court will hold a final pretrial conference on **Wednesday**, **April 21, 2021**, at **10:00 a.m.** at the United States District Court, the Holmes Building, 101 Larry Holmes Drive, 4th Floor, Easton, Pennsylvania 18042;

11. The selection of a jury shall take place on **Friday**, **April 23, 2021**, at **9:30 a.m.** Jury selection will take place at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 in a courtroom to be determined; and

---

[1] Any hearing will occur at the Holmes Building, 101 Larry Holmes Drive, 4th Floor, Easton, Pennsylvania 18042.
[2] The parties shall refer to the undersigned's policies and procedures for further instruction in this regard. *See* https://www.paed.uscourts.gov/documents/procedures/smtpol.pdf.

12. A jury trial shall commence before this court on **Monday, April 26, 2021**, at **9:30 a.m.** in a courtroom to be determined.[3] This order shall serve as a formal attachment for trial.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[3] While ordinarily the undersigned would hold any trial at the courtroom in Easton, Pennsylvania, due to changes in operations caused by COVID-19, it is possible that the court will have to hold the jury trial in Philadelphia.