**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 20 – 428** |
| **WILLIAM T. McCANDLESS** | **:** | |

## <u>ORDER</u>

AND NOW, this            day of            , 2021, upon consideration of the defendant's motion for a bill of particulars and to compel the production of early Jencks material including grand jury transcripts, and the government's response in opposition, the motions are hereby DENIED.


BY THE COURT:


_____
HONORABLE EDWARD G. SMITH
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  20 – 428 |
| WILLIAM T. McCANDLESS | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR**
**A BILL OF PARTICULARS AND EARLY JENCKS MATERIALS**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Sherri A. Stephan, Assistant United States Attorney for the District, hereby responds to defendant's motion for a bill of particulars and his motion for disclosure of grand jury transcripts and early Jencks production.  For the reason set for below, both motions should be denied.

I.     **PROCEDURAL BACKGROUND**

On November 25, 2020, defendant William T. McCandless was charged in a three-count indictment with possession of child pornography for importation into the United States, in violation of Title 18, United States Code, Section 2260(b), (c)(2) (Count One); transportation of child pornography, in violation of Title 18, United States Code, Section 2252(a)(1), (b)(1) (Count Two); and attempted access with intent to view child pornography, in violation of Title 18, United States Code,2252(a)(4)(B), (b)(2) (Count Three).  He was arrested on December 3, 2020. Trial is presently scheduled to commence on October 29, 2021.  On April 26, 2021, McCandless filed two motions; the first for a bill of particulars, and the second for disclosure of grand jury transcripts and early production of Jenks materials.

## II.     FACTUAL SUMMARY

Defendant William T. McCandless, a Catholic Priest with the Oblates of St. Francis DeSales Order, possessed thousands of images and videos depicting the sexual abuse of children, including the sexual torture of toddlers.  McCandless intended to transport, transported, and attempted to transport, the child sex abuse images in foreign commerce.  He also attempted to access child pornography while working in student counseling at DeSales University. Once McCandless became aware that his violent child sex abuse collection was discovered by a Parish worker, he conducted internet searches for how to "remove stuff from the cloud," "living off the grid," and "how to disappear completely."   McCandless also accessed numerous stories depicting the violent sexual abuse of children.  For example, one story McCandless accessed stated:

> Then he pushed down hard with his body.  His cock was pressing against three year old Jimmy's rectum and forced the sphincter muscle open.  His big purple cock head squeezed it's way through the tight entrance into the most wonderful place that it had ever been in all its life.  Mark's head was spinning in erotic pleasure as he felt the boy's tight ring around his cock head.  Then he heard the shrill shrieks of the boy as Jimmy felt his hole being stretched to the breaking point.

## III.     ARGUMENT

### A.     A bill of particulars is neither required nor needed.

McCandless requests a bill of particulars citing his purported confusion about the charged offenses, including the offense dates in the indictment.  McCandless also contends that "[t]here are no factually [sic] averments in the Indictment to support the charges[,]" that it is unclear whether he transported or only intended to transport child pornography into the United States from Monaco, and that neither the indictment nor the discovery provided to date provide "any shred of detail as to any specific acts Fr. McCandless allegedly engaged in." ECF. No. 31 at 5-6.  As described below, the defendant's motion is without merit and should be denied.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment here is more than sufficient. The charges are alleged in a straightforward and clear manner. Each count in the indictment alleges the date of the offense, the nature of the criminal conduct, and provides citation to the criminal statute alleged to have been violated. Importantly, a bill of particulars is not part of the discovery process. Rather, it is a complement to an indictment, and is compelled only in those rare cases in which the indictment does not provide the defendant with the information needed for him to prepare a defense. "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation . . . . Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). *See also, United States v. Fattah*, 858 F.3d 801, 814-15 (3d Cir. 2017) (indictment for bank fraud, wire fraud, theft, and false statements sufficient because it contained charges and apprised defendant of what defendant must be prepared to meet).

Here, in addition to the allegations contained within the indictment, McCandless has been provided with discovery. This vast discovery includes, but is not limited to, computer expert reports with numerous attachments extracted from the electronic devices seized, iPhone data extractions, investigative reports provided by the Monaco Prosecutor General including declaration of witnesses located in Monaco, search warrants, photographs, Homeland Security Investigations reports including summaries of witness interviews, Diocese/Oblates records, military records, and travel records

"A district court's denial of a motion for a bill of particulars is reviewed for an abuse of discretion." *United States v. Moyer*, 674 F.3d 192, 202 (3d Cir. 2012). The denial "does not

amount to an abuse of discretion unless the deprivation of the information sought leads to the defendant's inability to adequately prepare his case, to avoid surprise at trial, or to avoid the later risk of double jeopardy." *Id.* at 203 (*quoting United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971)).

Significantly, a bill of particulars, like an indictment, restricts the government's proof to the allegations set forth in the bill. *Id.* Thus, the bill concerns only the broadest outlines of the government's case and should not be permitted to restrict the government's evidence in advance of trial. This rule exists to protect against "the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). Therefore, "[o]ne of the main policy reasons for restricting [the] applicability [of a bill of particulars] is to avoid 'freezing' the Government's evidence in advance of trial." *United States v. Boffa*, 513 F. Supp. 444, 485 (D. Del. 1980).

Where an indictment is sufficiently detailed, as it is here, a defendant is not permitted to seek a bill of particulars to discover evidence of the Government's case prior to trial or to force the Government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants. . . ." *United States v. Addonizio*, 451 F.2d 49, 64 (3rd Cir. 1971); *see also United States v. Automated Medical Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). An indictment is sufficiently detailed if it alleges the essential elements of the crime with which the defendant is charged in a manner that permits the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense. *See Hamling v. U.S.*, 418 U.S. 87, 117 (1974); *see also United States v. Mason*, 52 F.3d 1286, 1288 (4th Cir. 1995); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988). If the indictment sets forth the elements of the

offense charged, delineates the time and place of the defendant's conduct that allegedly constituted the offense, and cites the statute or statutes violated, a bill of particulars is not warranted. *Fassnacht*, 332 F.3d at 446; *see also Automated Medical Laboratories, Inc.*, 770 at 405.

In the instant case, the indictment meets all of these requirements.

Count One, in part, states:

On or about January 25, 2017 . . . William T. McCandless, outside the United States, knowingly transported or possessed(?) with intent to transport, a visual depiction of a minor engaging in sexually explicit conduct, intending that the visual depiction would be imported into the United States, that is, the Eastern district of Pennsylvania, and attempted to do so.   In violation of Title 18, United States Code, Section 2260(b), (c)(2), and 2252(b)(1).

Count Two, in part, states:

On or about January 26, 2017, . . . . William T. McCandless knowingly transported and shipped, and attempted to transport and ship, a visual depiction, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, the producing of which visual depiction involved the use of a minor engaged in sexually explicit conduct, and which visual depiction was of such conduct.   In violation of Title 18, United States Code, Section 2252(a)(1), (b)(1).

Count Three, in part, states:

In or about April 2017, . . . William T. McCandless knowingly accessed with intent to view, and attempted to access with intent to view, at least one matter which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been mailed and shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

The dates are succinct, and the conduct alleged for each crime more than sufficient to apprise the defendant of the charges against him to enable him to more than adequately prepare his defense.   Moreover, in addition to the indictment itself, the defendant has all of the discovery, described above, that supports the charges in the indictment.   For example, an indictment must

only specify a date or date range that criminal conduct occurred, not provide an explanation for the dates, nor does a bill of particulars serve that purpose; the answers to the defendant's claims of ignorance comes from a simple review of the discovery the defendant has received. His claims to the contrary are lacking in merit and evidence his failure to closely review the discovery, rather than any deficiency in the indictment.

In short, a bill of particulars is granted only when the indictment is too vague to notify the defendant of the charges, to avoid surprise, or protect against double jeopardy. It is "firmly established" that "a defendant is entitled neither to wholesale discovery of the Government's evidence . . . nor to a list of the Government's prospective witnesses . . . ." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971). *Accord United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991); *United States v. LBS Bank-New York, Inc.*, 757 F. Supp. 496, 507 (E.D. Pa. 1990); *United States v. Peifer*, 474 F. Supp. 498, 501 (E.D. Pa. 1979), *aff'd mem.*, 615 F.2d 1354 (3d Cir. 1980).

Thus, a bill of particulars has only a limited function, to clarify the essential charges of the indictment, and does not substitute for discovery. A defendant cannot circumvent the purpose of a bill of particulars by presenting a "set of detailed interrogatories in the guise of a bill of particulars." *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972). *Accord, United States v. McDade*, 827 F. Supp. 1153, 1187-88 (E.D. Pa. 1993), aff'd, 28 F.3d 283 (3d Cir. 1994). For that reason, the provision of discovery in compliance with the rules completely eliminates the need for any bill of particulars. "Full discovery . . . obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). *Accord United States v. LBS Bank-New York, Inc.*, 757 F. Supp. 496, 507 (E.D. Pa. 1990); *United States v. Danton*, 1996 WL 729848 at 12-13 (E.D. Pa. 1996). *See United States v. Guerrer*io, 670 F. Supp. 1215, 1224-25 (S.D.N.Y. 1987) ("Perhaps,

the particulars sought would be useful to the defendants. A bill of particulars, however, is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case. Further, the government is not obliged to disclose the precise manner in which the crimes alleged in the indictment were committed.").

Where the defense has access to complete discovery, as here, it is able to prepare its defense and will not be surprised by any material introduced at trial. In this situation, the defendant is neither entitled to nor needs any further information in order to be adequately apprised of the charges. *See, e.g., United States v. Cole*, 707 F. Supp. 999, 1001 (N.D. Ill. 1989); *United States v. Nelson*, 606 F. Supp. 1378, 1390 (S.D.N.Y. 1978).

The Third Circuit affirmed all of these views in *United States v. Urban*, 404 F.3d 754 (3d Cir. 2005), stating:

> The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." Addonizio, 451 F.2d at 63 64. Only where an indictment fails to perform these functions, and thereby "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]" *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989) (citing *Addonizio*, 451 F.2d at 62 63), will we find that a bill of particulars should have been issued. As discussed above, the indictment provided more than enough information to allow Appellants to prepare an effective trial strategy. Moreover, Appellants had access through discovery to the documents and witness statements relied upon by the government in constructing its case, including trial evidence reflecting the dates of payments to Appellants and the approximate amounts of those payments. This access to discovery further weakens the case for a bill of particulars here. *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.1979) ("Full discovery . . . obviates the need for a bill of particulars.").

*Urban*, 404 F.3d at 771-72.

In this case as well, as established above, the indictment itself is more than adequate to apprise the defendant of the nature of the charges. There is no requirement for any additional pleading of particular allegations. Moreover, the government has provided complete discovery.

The discovery has been extensive.  See Exhibit A for a detailed chart of the discovery provided to date.

Mr. Diamondstein complains about the timing of the discovery he has been provided in his pleadings.  Exhibit A details the dates in which discovery was provided.  It reveals the bulk of the discovery was provided on January 8, 2021.  Subsequently, the government sent additional discovery on March 23, 2021.  On March 30, 2021, Mr. Diamondstein made a request that appeared to be a request for his team of forensic examiners to access the electronic original evidence, requesting the "actual evidence."  To maintain the integrity of the evidence, the government only provides access to exact "mirror image" copies of the original evidence.  These exact mirror image copies are the same copies the government investigators review.  On May 4, 2021, Mr. Diamondstein and AUSA Stephan spoke by phone. The parties were able to establish that it may not be the "original" electronic evidence that the defense team wants to access, but the exact copies.  AUSA Stephan provided the contact information for the government computer analyst to provide to the defense expert team so that the "experts" could discuss exactly what was needed.  AUSA Stephan had the exact mirror image copies of hard drives seized sent to the Homeland Security Office in Phoenix, Arizona – which was identified by Mr. Diamondstein as being close to their computer expert team. It was not until May 17, 2021, almost two weeks after being provided with the government expert's contact information, that the defense expert reached out to the government expert.  It was clarified that the defense experts indeed want access to the original evidence.  On May 18, 2021, Mr. Diamondstein agreed to have the defense experts review the exact mirror images copies in Phoenix during the week of May 24, 2021.  Furthermore, in the discovery letter to Mr. Diamondstein, dated January 8, 2021, AUSA Stephan also informed him that the government is willing and able to set up a time and place for the review of child

pornography and any other physical evidence.  Other than the review discussed above, no such arrangements have been requested to date.

The defense request for a bill of particulars in this case is nothing short of an attempt to force the government to do the defendant's work for him and restrict the government's case. Neither required under any law or precedent.   This case is not a mystery. The charges and evidence supporting the charges are clear. The defendant's motion should be denied.

> **B.      The law is clear, McCandless is not entitled to early Jencks.**

McCandless also requests production of grand jury transcripts and early production of Jencks material. While the government has already provided to the defense with some statements that may qualify as Jencks material[1],  the government is not obligated to release any further statements at this time. The government is aware of its obligation to produce Jencks material, and of the required timing of that production. The defendant's motion is without merit and should be denied.

Discovery in a criminal case is not as broad as that permitted in a civil case. Discovery in criminal cases is conducted pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, and consistent with other constitutional requirements. *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). These rules have been carefully developed over many years to accommodate many relevant concerns, including the faster progress of criminal trials subject to the Speedy Trial Act, the defendant's right to avoid self-incrimination, and the government's interests in protecting witnesses and the secrecy of grand jury proceedings.

---

[1] See the yellow highlighted areas of Exhibit A, which identify potential Jencks statements already provided to defendant. These statements and others not yet provided "may" constitute Jencks material if the witness would testify. The government has not yet determined which witnesses will be called at trial.  See also, the blue highlighted area of Exhibit A, which although are not Jencks statements, are law enforcement reports of potential witnesses who have been interviewed.  (These reports are not otherwise discoverable but were sent to the defendant nonetheless.)

Rule 16 of the Federal Rules of Criminal Procedure requires that the government disclose upon request of the defendant all statements made by the defendant; the defendant's prior record; and all documents, tangible objects, and reports of examinations or tests which are material to the presentation of the defendant's defense or which the government intends to use in its case in chief. The government must also provide upon request a written summary of the testimony of its expert witnesses.

Rule 16 expressly limits discovery to these items. That is, beyond the specific items described above, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case. Nor does the rule authorize the discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).

Working in conjunction with Rule 16, the Jencks Act, 18 U.S.C. § 3500, requires production of certain witness statements. The Act requires the government to produce these statements of any witness called by the government at trial, *after the witness' testimony on direct examination is completed*. The statements subject to production are limited by the Act to substantially verbatim transcripts of a witness' utterances, or a statement which he has formally adopted.

The Jencks Act requires only that the government produce the written statements of a witness that exist. It does not refer at all to the required length or detail of such statements, nor does it require that oral utterances of each witness be reduced to writing so that they may be produced. In short, there is no requirement to create Jencks material; it is only necessary to produce

that which exists. *See, e.g.*, *United States v. Martinez-Mercado*, 888 F.2d 1484, 1490 (5th Cir. 1989); *United States v. Flomenhoft*, 714 F.2d 708, 713 (7th Cir. 1983); *United States v. Lieberman*, 608 F.2d 889, 897 (1st Cir. 1979).

The purpose of the Act was to limit defense access to government materials. "The Act's major concern is with limiting and regulating defense access to government papers . . . ." *Palermo v. United States*, 360 U.S. 343, 354 (1959). The key limitation is that only statements that represent the witness' own words, either because they were written or adopted by him, or because they are "substantially verbatim" transcripts, are to be produced. "[I]t was felt to be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be seen to be the witness's own rather than the product of the investigator's selections, interpretations, and interpolations." *Id.* at 350; *see also Goldberg v. United States*, 425 U.S. 94, 127-28 (1976) (Powell, J., concurring) (because trial testimony rarely conforms precisely to what a witness has said earlier, it is unfair to question the witness regarding any earlier statement that is not unquestionably his).

Here, the defendant contends that he needs grand jury testimony "to determine what the Government is alleging that he did." ECF No. 30, ¶15. This is non-sensical. The indictment clearly alleges the crimes that the defendant has been charged with and the dates on which the crimes are alleged to have occurred. The discovery provided includes the evidence that will be presented at trial in support of the charges. To the extent a witness who testified in the grand jury is called to testify at trial, the government will timely provide relevant Jencks material, including grand jury testimony, of that witness. The defendant has failed to allege any basis to force the government to provide any Jencks material now, let alone force it to provide all grand jury witness transcripts.

As stated, the government is not required to produce Jencks material until *after* a government witness has testified on direct exam. Here, McCandless already has been provided

with some potential Jencks materials months ahead of trial. Any remaining Jencks material will be provided to the defense one week before trial[2] - - far in advance of any witness even taking the stand, let alone completing their testimony. The government is obliged to do no more, nor is more necessary[3].

McCandless also claims he is entitled to early production of grand jury transcripts separate and apart from Jencks materials.  As this Court is aware, there is a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *Dennis v. United States*, 384 U.S. 855, 869 (1966) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958)). To protect this secrecy, the Supreme Court has held that grand jury proceedings must remain secret absent a "compelling necessity" to disclose. *Proctor & Gamble Co.*, 356 U.S. at 682. "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (*citing Proctor & Gamble Co.*, 356 U.S. at 682)).

Federal Rule of Criminal Procedure Rule 6(e)(3)(E)(ii) permits disclosure of grand jury proceedings only "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." The Supreme Court has "consistently

---

[2] McCandless seems to be under the mistaken belief that there exists a wealth of material that would qualify as Jencks. As stated, Jencks statements are those that are substantially verbatim transcripts of a witness' utterances, or a statement which he has formally adopted.  Courts have held unanimously that interview reports such as those prepared in this case are not Jencks material. *See, e.g., United States v. Allegrucci*, 299 F.2d 811, 813 (3d Cir. 1962); *United States v. Starusko*, 729 F.2d 256, 263 (3d Cir. 1984); *United States v. Foley*, 871 F.2d 235, 238-39 (1st Cir. 1989) (FBI 302s were not Jencks statements, where they plainly were not substantially verbatim; it is irrelevant that the agent was a "punctilious" note taker who often asked the witness to slow down, and read portions back to the witness to assure that the notes were correct); *United States v. Ricks*, 817 F.2d 692, 697-98 (11th Cir. 1987); *United States v. Paden*, 787 F.2d 1071, 1077-78 (6th Cir. 1986); *United States v. Claiborne*, 765 F.2d 784, 801 (9th Cir. 1985); *United States v. Edwards*, 702 F.2d 529, 531 (5th Cir. 1983). The historical practice of this United States Attorney's Office has long been to routinely produce interview reports to the defense before trial, but that practice is decidedly not required by law.

[3] The bulk of the evidence in this case is in electronic form.  All of which, the defense team and their experts have, or it has been made available to them.

construed the Rule . . . to require a *strong* showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983) (emphasis added). Before a court even considers ordering disclosure, a defendant must offer evidence of a substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury. *See, e.g., United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir. 1972). Only after a defendant has met this burden does a court then balance the need for disclosure against the need for secrecy and narrowly tailor any disclosure order.

It is long established that grand jury proceedings carry a "presumption of regularity." *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974) (internal quotation marks and citations omitted); *see United States v. Calandra*, 414 U.S. 338, 345 (1974); *United States v. Torres*, 901 F.2d 205, 232-33 (2d Cir. 1990). "Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) 'bears the heavy burden of establishing that particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment.'" *United States v. Chalker,* 2013 WL 4547754 at *4 (E.D. Pa. 2013) (unpublished) (*quoting United States v. Bunty*, 617 F.Supp.2d 359, 372 (E.D. Pa. 2008) (internal quotation marks and citation omitted)).

The importance of providing specific evidence showing a substantial likelihood of gross or prejudicial misconduct cannot be overstated. "Under Rule 6(e)(3)(E)(ii), courts generally reject unsupported beliefs and conjectures as grounds for disclosure of grand jury materials to defendants." *United States v. Shane*, 584 F. Supp. 364, 367 (E.D. Pa. 1984) (citations omitted); *see also United States v. Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004) (noting that the party seeking disclosure cannot satisfy its burden with "conclusory or speculative allegations of

misconduct." (*quoting United States v. Morgan*, 845 F. Supp. 934, 941 (D. Conn. 1994))); *United States v. Ayeki*, 289 F. Supp. 2d 183, 187 (D. Conn. 2003) (finding that the defendant had not met his burden for inspection of grand jury minutes or an *in camera* review in the absence of factual support); *United States v. Hardy*, 762 F. Supp. 1403,1414 (D. Haw. 1991) (rejecting request for grand jury minutes and instructions based on unsubstantiated claim that jury instructions were inadequate).

Here, McCandless simply claims that he "needs grand jury testimony to determine what the government is alleging he did."  Def. Motion, ECF 30, p. 6.   This is ludicrous.  Once again, see the indictment and a list of the copious amounts of discovery already provided as outlined in Exhibit A.  McCandless does not provide any specific evidence showing a substantial likelihood of gross or prejudicial misconduct during the grand jury proceedings.  Accordingly, his motion should be denied.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the government respectfully requests that the defendant's

pretrial motions for a bill of particulars and for early Jencks and grand jury transcripts be denied.


Respectfully yours,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


_/s/ Sherri A. Stephan_____
Sherri A. Stephan
Assistant United States Attorney


_/s/ Ralph Paradiso_____
Ralph Paradiso
Trial Attorney, Department of Justice


DATED:  May 18, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the Government's response to defendant's motion for a bill of particulars and to compel the production of early Jencks material including grand jury transcripts by electronic filing upon:

Michael J. Diamondstein, Esquire
2 Penn Center – Suite 900
1500 JFK Blvd.
Philadelphia, PA 19102
mjd@michaeldiamondstein.com


/s/ Sherri A. Stephan
SHERRI A. STEPHAN
ASSISTANT UNITED STATES ATTORNEY

Dated:  May 18, 2021