**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **NO. 20-CR-000428-EGS** |
| | : | |
| **vs.** | : | |
| | : | |
| **WILLIAM T. MCCANDLESS** | : | |

## OPPOSITION TO THE GOVERNMENT'S REQUEST FOR A CONTINUANCE

AND NOW, Fr. William T. McCandless, by and through his attorney, Michael J. Diamondstein, does file the within Opposition and avers as follows:

1. Fr. McCandless incorporates by reference the averments made in Documents Seventy-Six (76) and Seventy-Seven (77).

2. Fr. McCandless opposes the Government's continuance request[1] and wishes that the current timeline remain such that he may, within a few short weeks, be granted his constitutional right to trial.

3. While the Government included a timeline in Document Eighty-Six (86), Fr. McCandless respectfully submits that the relevant timeline is as follows:

[1] At Document Eighty-Six (86).

a. January 26th, 2017 – Fr. McCandless left St. Charles Parrish in Monaco and returned to the United States.

b. April 19th, 2017 – child pornography was recovered at the St. Charles Parrish in Monaco.

c. April 28th, 2017 – Monaco law enforcement was notified of the child pornography found in St. Charles Parrish.

d. August 16th, 2017 – the Government was notified that child pornography was located in the St. Charles Parrish.[2]

e. August 28th, 2017 – Monaco's Deputy Prosecutor General at the time, Ms. Cyrielle Colle, signed a letter declining to charge Fr. McCandless.

f. October 12th, 2017 – the Government served a search warrant on Fr. McCandless' residence and because of the Government's actions and allegations, Fr. McCandless lost his ability to function as a priest.

g. November 25th, 2020 – the Government indicted Fr. McCandless on the within matter.

h. December 3rd, 2020 – Fr. McCandless was arraigned and placed on stringent conditions of house arrest, was denied access to a computer and/or a smart phone, and the U.S.

---

[2] This was the day that HSI was notified of the potential investigation. It is believed that the Government was advised much earlier.

Attorney's Office issued a press release[3] which, effectively, destroyed his reputation.

i. December 17th, 2020 – Monaco law enforcement was advised that more child pornography was apparently found – a month or a month and a half prior to that day – at the St. Charles Parrish.

j. March 14th, 2022 – The Government and Monaco law enforcement worked together during a joint investigative action that purportedly uncovered the computer in question.

k. March 22nd, 2022 – Fr. McCandless' team was set to arrive in Monaco for investigative actions.[4]

4. Initially, Fr. McCandless submits that the Government cannot say that the computer that was purportedly recovered contains any relevance to this investigation. The best that the Government can suggest is that the computer **may** contain relevant evidence. By definition, that means that the computer **may not** contain relevant evidence. To force Fr. McCandless to continue to suffer under the weight of the current charges, loss of liberty, and reputational damage so the Government can ascertain if there is "potential evidence" in a computer that they should have known about

---

[3] *See* Exhibit 1.

[4] That trip was canceled due to the threat of arrest to undersigned counsel and his team. *See generally* Document Seventy-Six (76).

years ago would be a travesty. No defendant would be granted such leave.[5]

5. Second, the Government's request for a ninety (90) day continuance is simply the first of what will eventually be multiple requests for continuances that will drag this trial into 2023.

If accurate, the Government's pleadings indicate that Monaco will only provide the materials sixty (60) days after they have been reviewed. There is no set date for Monaco to review the materials. If Monaco law enforcement is backed up or for political (or other) reasons wishes to delay review, Fr. McCandless could be caught in a real-life version of *Waiting for Godot*.

Even assuming arguendo that Monaco finishes its review of the materials in thirty (30) days and then provides the materials to the Government, it will easily take another six (6) weeks to get the materials translated, reviewed and turned over to Fr. McCandless.[6] That timeline would take this case, at the earliest, to the end of the summer. The likelihood of the

---

[5] *See* paragraph 11 *infra*.

[6] That delay only encompasses if the materials have no relevant evidence. If the computer contains relevant evidence, both the Government and Fr. McCandless would have to have their computer teams review the materials. Such review would easily take many months to effectuate.

Government, undersigned counsel and the Court all having two (2)[7] clear weeks available for trial is slim.

6. Third, Fr. McCandless wants this nightmare to end. His entire life was put on hold on October 12th, 2017. His reputation has been snatched away from him. He lost his ability to preach; until his name is cleared, he cannot fulfill his life's calling as a priest. Since his arrest, his liberty has been severely curtailed. Not only does he sit in dread every day wondering if he will be wrongly convicted, his freedom has been significantly restricted. He has no ability to email anyone other than his attorney. Because he isn't allowed to have a smart phone, he cannot communicate via text/sms. Everything in the modern world requires the internet and/or applications. He can't even try to take his mind off of his predicament by watching popular streaming services because Pre-Trial has deemed them to be computer related. His reputation has been destroyed and he continues to be lambasted in the European press.[8] He is not living life; he is merely existing, crossing days off of a calendar until he can get into court to reclaim his good name.

---

[7] Fr. McCandless' team will actually need to find three (3) clear weeks: two (2) weeks for trial and one (1) week before trial to prepare and review whatever last minute materials the Government provides.

[8] The European press continues to sully his name. *See* https://www.starmag.com/royautes/charlene-de-monaco-face-a-un-nouveau-scandale-les-bureaux-de-sa-fondation-ont-ete-perquisitionnes-506788.html; https://www.legossip.net/albert-de-monaco-scandale-de-pedophilie-un-exil-pour-proteger-charlene/480870/; https://www.vip.de/cms/charlene-von-monaco-vertrauter-mit-kinder-pornos-erwischt-4956617.html;

7. Fourth, the Government shouldn't be rewarded for failing to act with diligence. Fr. McCandless submits that his case is not an episode of *Law and Order* wherein the prosecution makes an arrest and then works on the investigation. If, as they claim, "the evidence is critical to the Government's case-in-chief" then the Government made a really poor tactical decision. For if critical evidence was simply lying around the crime scene, they should have procured it at some point over the last five (5) years.

One Thousand Six Hundred and Seventy-One (1671) days have elapsed between when the Government was advised[9] about the pornography in Monaco and when they got around to going to visit the locus of the crime. One Thousand Six Hundred and Fourteen (1614) days passed between when they served their search warrant and they got around to going to visit the locus of the crime. Four Hundred and Sixty-Six (466) days passed from Fr. McCandless' arrest until the Government got around to going to visit the locus of the crime. The Government has acted with an extreme lack of diligence. They indicted Fr. McCandless without having done a full, fair nor complete investigation. They now want the Court to bail them out to help them cover their poor investigative work and unjust tactical decisions.

---

[9] *See* Note 2 *Supra.*

In actuality, the Government is finally saying in a filing what Fr. McCandless has been claiming for years: they got it wrong. The Government has just realized that they do not have the quantum of evidence necessary to garner a conviction against Fr. McCandless on Counts I and II. The suggestion that five (5) years after Fr. McCandless left St. Charles his computer is found sitting in plain sight doesn't pass the straight face test. Other than the Rectory, there are no rooms in the St. Charles Parrish that are only accessible to the priests.[10] And even the Rectory is accessible to a number of individuals. Fr. McCandless respectfully submits that the thought that – after five (5) years and two (2)

---

[10] Fr. McCandless' submits that the Government's "concern" that the computer may have exculpatory evidence should be given no weight. Undersigned counsel has been handling federal cases since he left the Philadelphia District Attorney's Office in 2000. In many cases, federal prosecutors do not cleave closely to *Jencks*. Especially in cases with no witness security issues, most prosecutors seeking a Just result are all too happy to turn over all of their materials. In the overwhelming majority of cases, so doing helps facilitate a plea. In the instant case, despite repeated requests, this prosecution team has refused to turn over any *Jencks* material.

Furthermore, despite knowing how difficult investigation was for Fr. McCandless, the Government planned their Monaco trip without making any offers to Fr. McCandless. Subsequent to finding out that Fr. McCandless' team was prohibited from conducting an investigation, they have made no attempts to help him procure evidence. They have thus far refused to turn over any of the information that they received while in Monaco. Even the proffer in Document Eighty-Six (86) cuts extremely close to the vest and does not offer a clear picture of the circumstances of the recovery. They did not provide any specific information such as: in what room the computer was found, the description of the computer, nor any other evidence that might help Fr. McCandless defend himself. On April 30th, 2022 Undersigned Counsel sent an email requesting that: "the Government advise from where in the St. Charles Parrish the computer was recovered? Would the Government provide any more information (model, color, etc) of the recovered computer?" As of the filing of the within motion, none of the three (3) assigned prosecutors have responded.

Nothing that the Government has done in this case suggests that they wish to do anything that would stand in the way of their conviction. To the extent that the Government's request is a kind gesture to Fr. McCandless, he most respectfully declines.

full blown child pornography investigations – his computer has been lying around the church is farcical.

The Government knows that there is no competent evidence to support their claims in Counts I and II. They know that they can't prove their case. The computer found in March of 2022 is nothing more than a Powerball ticket. The Government is praying that the Court will grant them the chance at winning the lottery. The Government's plan of "indict first, investigate later" has failed. They made their bed. They should be forced to lie in it.

8. Fifth, granting the Government's request would give them further tactical advantage. The Rules of Criminal Procedure give the Government an advantage in every case. In the instant case, their advantage is magnified. All of the events supporting the charges in Counts I and II occurred in Monaco. As averred in Document Seventy-Six (76), Fr. McCandless has no ability to conduct any investigative actions in Monaco nor seek witnesses. Monaco ignored this Honorable Court's Order. They ignored each and every one of Fr. McCandless' requests. Granting the Government's request would allow the Government months of further investigation while Fr. McCandless will be forced to sit in his home, look at the walls, and chew his fingernails waiting for his day in court. While

he does nothing, the Government will have the opportunity to use their limitless assets to aid in their goal of seeking his conviction. Justice cannot allow such a result.

9. Sixth, as the Court aptly pointed out in the phone conference denying Fr. McCandless' motion to continue, witnesses' memories will decay. As it currently stands, **all** of Fr. McCandless' witnesses who were in Monaco at the time of the relevant events have either refused to testify or are inaccessible because of Monaco's initiation of an investigation. Three (3) relevant witnesses have refused to testify because of threats/pressure that they have received – either directly or indirectly – from members of Monaco's government. The longer that this case drags on, the less likely Fr. McCandless will be able to find any person willing to testify.

10. Seventh, Fr. McCandless cannot stand toe-to-toe with the United States Government. Their unlimited resources and diplomatic advantages are impossible to match. As the case has progressed, the Government just added more prosecutors and investigators to the case. Fr. McCandless simply cannot keep up. Between April 11th[11] and the drafting of the within motion on April 30th, Fr. McCandless' team[12] spent nearly seventy

[11] The Government includes in their motion that Fr. McCandless sought a continuance on similar grounds. While he has no burden to offer why he has changed positions, Fr. McCandless submits that the original continuance request was made immediately after having been ambushed by the Government and Monaco law enforcement. During the "fog of war" he felt that a continuance was necessary. However, having had more time to work with his team, Fr. McCandless has realized that going to trial is in his best interest.

[12] Undersigned Counsel's office.

(70) hours preparing this case for trial. Subpoenas – for the few witnesses upon which he can currently rely – were served. Trial tactics were developed. His experts and trial support were confirmed. To allow the Government to now put all of that to waste is patently unfair.[13]

11. Finally, Fr. McCandless most respectfully submits that if this Honorable Court grants the Government's motion, it will be sending a very loud and clear message that the rules are different for each party. Fr. McCandless sought a continuance for the exact reason as does the Government; he did not know what, if any, information would be recovered from the computer in question. The Court made clear that such a request was speculative and not sufficient to warrant delay of trial. Now the Government comes with the identical request. Fairness dictates that the Court deny the motion.

12. Fr. McCandless is a rarity; a criminal defendant begging to go to trial. He prays that this Honorable Court deny the Government's motion and give him the opportunity to get his life back.

---

[13] There is an actual cost to following the Government's whims. Fr. McCandless is forced to pay his attorney to work to keep up with all of the changes and permutations of the current case. If the Government's motion is granted, he will have wasted a significant amount of money.

There is also a personal toll. Late night and weekend work away from family are part of the job for a criminal defense attorney. To have that time wasted is extremely upsetting.

For the foregoing reasons, Fr. McCandless respectfully submits that the Court should deny the Government's continuance request.

**Respectfully submitted,**

*/s/ Michael J. Diamondstein*
**MICHAEL J. DIAMONDSTEIN**

**Certificate of Service**

***Michael J. Diamondstein*** being duly sworn according to law, deposes and says that on the **3rd** ***day of May, 2022*** a copy of the within document was served upon the following individuals by **ECF**:

**The Honorable Edward G. Smith**
United States District Court
United States Courthouse
101 Larry Holmes Drive
4th Floor
Easton, PA 18042

**Sherri A. Stephan, AUSA**
**Ralph Paradiso, AUSA**
**Jessica Rice, AUSA**
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

**Clerk**
United States District Court
United States Courthouse
601 Market Street
Philadelphia, PA 19106

**MICHAEL J. DIAMONDSTEIN**
Attorney for William T. McCandless
Suite 900
Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19102
(215) 940-2700
mjd@michaeldiamondstein.com